No. DA 06-0616

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 27N

_____

IN THE MATTER OF B.B.,

    A Youth in Need of Care.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDJ-04-190-Y,
The Honorable Kenneth Neill, Presiding Judge.


COUNSEL OF RECORD:

    For Appellant:

        Jim Wheelis and Roberta R. Zenker, Appellate Defenders Office, Helena, Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant Attorney General, Helena, Montana

        Brant S. Light, County Attorney; Sarah Corbally, Deputy County Attorney, Great Falls, Montana

_____

Submitted on Briefs:  January 24, 2007

Decided:  February 6, 2007

Filed:

_____
                    Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      J.W. appeals from the Order of the Eighth Judicial District Court, Cascade County, terminating his parental rights to his daughter, B.B., and extending temporary legal custody to the Montana Department of Public Health and Human Services (Department), pending resolution of the Department's Petition for Termination of Parental Rights of the Mother and Permanent Legal Custody.  We affirm.

¶3      The District Court adjudicated B.B. as a Youth in Need of Care on December 7, 2004.  The court found the proposed treatment plan to be reasonable and ordered J.W. to complete the treatment plan.  J.W. absconded from probation shortly after the dispositional hearing.  J.W. failed to maintain contact with B. B. and with the Department's social worker assigned to his case.  J.W. finally resurfaced in May 2005, when he was arrested in Oklahoma.  J.W. was jailed in Oklahoma on charges of child neglect involving another child.  J.W. transferred to prison in Montana in 2006 based on the warrant issued following his flight from probation in 2004.

¶4      At the conclusion of the termination hearing on August 9, 2006, the District Court found that J.W. had failed to complete a single goal of his treatment plan since 2004.

2

J.W. testified that he was enrolled in some classes in prison, including chemical dependency treatment, but he failed to provide any documentation of this attendance either at the hearing or to the Department's social worker. J.W. further testified that he would remain incarcerated for another six to eight months from the date of the termination hearing, after which time he would be transferred to a prerelease center. The District Court found that the conduct rendering J.W. unfit or unable to care for B.B. was unlikely to change within a reasonable amount of time. The court also noted that B.B. had been in foster care for twenty-one of the twenty-two months preceding the termination hearing.

¶5 J.W. argues on appeal that the court arbitrarily terminated his parental rights without allowing him the opportunity to perform the conditions of his treatment plan. We review a district court's decision to terminate a person's parental rights under an abuse of discretion standard. *In re Custody and Parental Rights of C.J.K.*, 2005 MT 67, ¶ 13, 326 Mont. 289, ¶ 13, 109 P.3d 232, ¶ 13. To satisfy the relevant statutory requirements for terminating a parent-child relationship, a district court must make specific factual findings. *In re C.J.K.*, ¶ 13. We review the district court's findings of fact to determine whether those findings are clearly erroneous. *In re Custody and Parental Rights of M.A.D.*, 2003 MT 10, ¶ 12, 314 Mont. 38, ¶ 12, 62 P.3d 717, ¶ 12. We review the court's conclusions of law with respect to those findings to determine whether the court correctly interpreted and applied the law. *In re M.A.D.*, ¶ 12.

¶6 We have determined to decide this case pursuant to Section I, paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for

3

memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact. It is also manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶7　　We affirm the judgment of the District Court.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART